IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ELROD HOLDINGS CORP., | ) | Case No. 06-11164 (BLS) |
| et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| ELWAY COMPANY, LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adversary No. 07-51719 |
| GEORGE L. MILLER In His | ) | |
| Capacity As Trustee in Elrod | ) | |
| Holdings Corp., et al.; JACK | ) | |
| K. ELROD COMPANY, INC.; | ) | |
| FIFTH THIRD BANK (OHIO); | ) | |
| RESERVE MEZZANINE FINANCE, | ) | |
| LLC f/k/a BRANTLEY MEZZANINE | ) | |
| FINANCE, LLC; and WEBSTER | ) | |
| GROWTH CAPITAL CORP., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| GEORGE L. MILLER, in his | ) | |
| capacity as Trustee to Elrod | ) | |
| Holdings Corp., et al. | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ELWAY COMPANY, LLP; JEFFREY | ) | |
| L. ELROD; DALE K. ELROD; | ) | |
| MARYANN WAYMIRE; MIDWEST | ) | |
| SEATING CORPORARTION; | ) | |
| NUSSLI, LLC; KENDALL | ) | |
| INDUSTRIES, INC. f/k/a ELROD | ) | |
| CORPORATION | ) | |

## OPINION[1]

Before the Court is the motion (the "Motion") [Docket No. 42] of Webster Growth Capital Corp. ("Webster") to add counterclaims and cross-claims to its responsive pleading (the "Webster Response") [Docket No. 4]. Elway Company, LLP ("Elway"), Jeffrey L. Elrod, Dale K. Elrod, and Maryann Waymire (collectively, the "Elrods") object to the Motion on the ground that Webster lacks standing to assert the proposed counterclaims and cross-claims. For the following reasons, the Court will deny the Motion without prejudice.

### I.   BACKGROUND

On October 26, 2006 (the "Petition Date"), Jack K. Elrod Company, Inc., and Elrod Holdings Corp. (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code (the "Code"). George L. Miller (the "Trustee") was appointed as the Chapter 7 Trustee to both Debtors' estates. On September 27, 2007, Elway commenced this adversary proceeding by filing a complaint (the "Complaint") [Docket No. 1], which requests (i) a determination of the scope, validity and priority of its liens on the Debtors' property and (ii) the allowance of its claims against the Debtors.   The Complaint names the Trustee and the

---

[1]    This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

Debtors' secured creditors, including Webster, as defendants.

On October 25, 2007, Webster filed the Webster Response, which did not assert any counterclaims or cross-claims. On December 5, 2007, the Trustee also filed a responsive pleading (the "Trustee's Response") [Docket No. 10]. The Trustee's Response included a number of counterclaims seeking, _inter_ _alia_, (i) damages for the Elrods' breaches of their fiduciary duties to the Debtors, (ii) equitable subordination of Elway's secured claim, (iii) recharacterization of debts owed to Elway and the Elrods, and (iv) any appropriate declaratory relief.

On April 14, 2008, Webster filed the Motion. Through the Motion, Webster seeks to amend the Webster Response to add cross-claims and counterclaims which largely mimic the above-described claims that the Trustee has already asserted on behalf of the Debtors' estates. On April 18, 2008, the Trustee filed a response [Docket No. 46] indicating his support for Webster's Motion.

On April 24, 2008, Elway and the Elrods filed an objection (the "Objection") [Docket No. 48] to the Motion. Elway and the Elrods object to the Motion on the ground that Webster lacks standing to pursue the proposed cross-claims and counterclaims. Specifically, they argue that all of these claims constitute property of the estate by operation of 11 U.S.C. § 541 and the Code provides the Trustee alone with the exclusive standing to pursue them.

3

On May 1, 2008, Webster filed a reply (the "Reply") [Docket No. 49] to the Objection.  In the Reply, Webster concedes that it will not contest the Objection as it relates to all counts except for its claim for equitable subordination.  Webster contends that a secured creditor's claim for equitable subordination is not a general claim belonging to a debtor's estate.  Rather, it is a unique claim reflecting particularized harm to the secured creditor's separate interest.

The Court did not conduct oral argument on this matter.  The sole issue before the Court is whether Webster may assert a counterclaim for equitable subordination.  The matter has been fully briefed and is ripe for adjudication.

### III.   <u>DISCUSSION</u>

A.   <u>The Legal Standard</u>

Federal Rule of Civil Procedure 15(a), which Federal Rule of Bankruptcy Procedure 7015 makes applicable to adversary proceedings, states that a court should "freely give leave" to a party to amend a pleading "when justice so requires."  FED. R. BANKR. P. 7015; FED. R. CIV. P. 15(a).  "The policy of the [F]ederal [R]ules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading."  <u>Dussouy v. Gulf Coast Inv. Corp.</u>, 660 F.2d 594, 598 (5th Cir. 1981); <u>see also</u> <u>Lundy v. Adamar of New Jersey, Inc.</u>, 34 F.3d 1173, 1186 n.19 (3d

4

Cir. 1994).

Despite this policy of liberally granting leave to amend, a
court should deny a motion to amend where granting it would be
futile.  Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000); see
also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434
(3d Cir. 1997) (providing that "[a]mong the grounds that could
justify a denial of leave to amend are undue delay, bad faith,
dilatory motive, prejudice, and futility"); Hollander v. Flash
Dancers Topless Club, 173 Fed. Appx. 15, 19 (2d Cir. 2006) ("[I]t
is well established that leave to amend a complaint need not be
granted when amendment would be futile.").  An amendment is futile
when the proposed pleading would not survive a motion to dismiss.
New York State Ass'n of Career Schools, Inc. v. State Educ. Dep't
of State of New York, 142 F.R.D. 403, 405 (S.D.N.Y. 1992).  Thus,
a court "may properly deny leave to amend where the amendment would
not withstand a motion to dismiss."  Massarsky v. General Motors
Corp., 706 F.2d 111, 125 (3d Cir. 1983).  Because a plaintiff must
have standing to pursue a cause of action, it follows that amending
a pleading would be futile where the plaintiff lacks standing to
assert the proposed cause of action.

B.   A Secured Creditor's Standing to Assert a Claim for Equitable
     Subordination

Upon the commencement of a bankruptcy case, an estate is
created.  11 U.S.C. § 541(a).  The estate is made up of, inter

5

<u>alia</u>, "all legal or equitable interests of the debtor in property
as of the commencement of the case."  11 U.S.C. § 541(a)(1).  This
includes "causes of action existing at the time the bankruptcy
action commences."  <u>Anderson v. Acme Markets, Inc.</u>, 287 B.R. 624,
628 (E.D. Pa. 2002); <u>see</u> <u>also</u> <u>In re Ozark Restaurant Equip. Co.</u>,
816 F.2d 1222, 1225 (8th Cir. 1987) (stating that "it is clear
causes of action belonging to the debtor at the commencement of the
case are included within definition of property of the estate").
In addition, 11 U.S.C. § 323(a) provides that the trustee is the
sole representative of this estate and 11 U.S.C. § 323(b) of the
Code provides that the trustee "has the capacity to sue and be
sued."  11 U.S.C. § 323.  Taken together, § 323(a) and (b) grant
the trustee the exclusive standing to assert causes of action that
have become property of the estate by operation of § 541.  <u>Cain v.
Hyatt</u>, 101 B.R. 440, 442 (E.D. Pa. 1989).

Accordingly, the Third Circuit has stated that, "once a
company or individual files for bankruptcy, creditors lack standing
to assert claims that are 'property of the estate.'"  <u>Bd. of Trs.
of Teamsters Local 863 Pension Fund v. Foodtown, Inc.</u>, 296 F.3d
164, 169 (3d Cir. 2002); <u>see</u> <u>also</u> <u>In re PHP Healthcare Corp.</u>, 128
Fed. Appx. 839, 844-45 (3d Cir. 2005) (stating that "an individual
creditor of a debtor may not assert a general claim belonging to
all creditors"); <u>In re Seven Seas Petroleum</u>, 522 F.3d 575, 584 (5th
Cir. 2008) ("If a claim belongs to the estate, then the bankruptcy

trustee has exclusive standing to assert it."); <u>St. Paul Fire &</u>
<u>Marine Ins. Co. v. PepsiCo, Inc.</u>, 884 F.2d 688, 701 (2d Cir. 1989)
("If a claim is a general one, with no particularized injury
arising from it, and if that claim could be brought by any creditor
of the debtor, the trustee is the proper person to assert the
claim, and the creditors are bound by the outcome of the trustee's
action."). "In order for [a] claim to be the 'legal or equitable
interest of the debtor in property,' the claim must be a 'general
one, with no particularized injury arising from it.'" <u>Bd. of Trs.</u>
<u>of Teamsters</u>, 296 F.3d at 170. This Court must consider,
therefore, whether a secured creditor's claim for equitable
subordination pursuant to § 510(c) is a general one.

Section 510(c) provides that, "after notice and a hearing, the
court may (1) under principles of equitable subordination,
subordinate for purposes of distribution all or part of an allowed
claim to all or part of another allowed claim . . . ; or (2) order
that any lien securing such a subordinated claim be transferred to
the estate." 11 U.S.C. § 510(c). These provisions operate "to
prevent a claimant who has committed fraudulent or other
inequitable acts from gaining advantage over or equality with other
claimants." <u>In re Medical Equities, Inc.</u>, 83 B.R. 954, 962 (Bankr.
S.D. Ohio 1987). At bottom, courts apply principles of equitable
subordination under § 510(c) to achieve equity through the
reordering of priority among creditors. <u>In re AppliedTheory Corp.</u>,

7

345 B.R. 56, 59 (S.D.N.Y. 2006).

In some instances, equity may require a court to subordinate a senior secured claim to a junior secured claim.  See In re Beverages Int'l Ltd., 50 B.R. 273, 283 (Bankr. D. Mass. 1985) (stating that "[Section] 510(c) permits the court to establish degrees of subordination"); In re Osborne, 42 B.R. 988, 1000 (W.D. Wis. 1984) (where court subordinated secured claim to only one other creditor).  In other instances of more egregious misbehavior, equity may require a court to strip a secured claimant of its secured status altogether.  See In re Fabricators, Inc., 926 F.2d 1458, 1470 (5th Cir. 1991) (secured creditor's inequitable inducement of other creditors to lend was so egregious that the court subordinated the secured claim to the claims of general unsecured creditors); In re Lemco Gypsum, Inc., 911 F.2d 1553, 1557 (11th Cir. 1990) (court subordinated a bond claim and a judgment lien to the claims of all unsecured creditors).  In the former instance, only the junior secured creditor benefits from a court's employment of § 510(c) as it alone surpasses the senior secured creditor in priority.  In the latter circumstance, every creditor benefits from the subordination of the senior secured claim.  The difference in these results indicates that a secured creditor is capable of having suffered a particularized injury and that a court may fashion a remedy in response to that injury that benefits only the affected secured creditor and not all general creditors

8

ultimately seeking to recover from a debtor's estate.   An injured
secured creditor should be permitted to pursue its separate
interest apart from the trustee.   Accordingly, the Court holds that
a secured creditor has standing to seek the equitable subordination
of another secured creditor's claim to the extent that it seeks
relief for a particularized injury, which differs from the injury
incurred by all creditors.

This holding is similar to the positions taken by a number of
other courts.   See In re Vitreous Steel Prods. Co., 911 F.2d 1223,
1231 (7th Cir. 1990) ("While the Trustee may find that it is in the
best interests of the estate to seek equitable subordination,
individual creditors have an interest in subordination separate and
apart from the interests of the estate as a whole."); Official
Comm. of Unsecured Creditors of Grand Eagle Cos., Inc. v. Asea
Brown Boveri, Inc., 313 B.R. 219, 228-29 (N.D. Ohio 2004) (stating
that creditors or creditors' committees had direct standing to
bring equitable subordination claims); Energy Income Fund, L.P. v.
Compression Solutions Co. (In re Magnolia Gas Co.), 255 B.R. 900,
924 (Bankr. W.D. Okla. 2000) ("A secured creditor has standing to
seek equitable subordination of another creditor's claim."); ABF
Capital Mgt. v. Kidder Peabody & Co., Inc. (In re Granite Partners,
L.P.), 210 B.R. 508, 514 n.5 (Bankr. S.D.N.Y. 1997) (stating that
"the remedy of equitable subordination is not limited to a trustee
and one creditor may seek to equitably subordinate another

9

creditor's claim to his own"); In re M. Paolella & Sons, Inc., 85 B.R. 965, 973-74 (Bankr. E.D. Pa. 1988) (permitting the creditor to assert an equitable subordination claim where the relief it sought differed from the relief sought by the trustee).

In addition, the Court can envision circumstances in which a trustee has little interest in an equitable subordination dispute between two secured creditors. It would make little sense to preclude an injured party from pursuing unique relief in the hope that a disinterested party would zealously pursue it for them.

C.    Webster Fails to Allege Particularized Harm

As a final matter, Elway and the Elrods argue that Webster's proposed equitable subordination claim mirrors the Trustee's claim and thus does not allege any harm particular to Webster. After re-alleging facts already stated in the proposed pleading, the proposed equitable subordination claim states:

> 53. The Conduct of Elway Corporation, with respect to the matters as described above are inequitable, resulted in injury to the Debtors' creditors, including Webster, and gave an unfair advantage to Elway in relation to the Debtors' creditors, including Webster.
> 54. The subordination of Elway's claim is consistent with the Bankruptcy Code.

The Court has held that a secured creditor has standing to assert its own claim for equitable subordination, but it is apparent that Webster has not thus far alleged particularized injury and has instead likened the injury it has suffered to that of all

10

creditors.  The Court will therefore deny Webster's Motion without prejudice to its right to renew its request for leave to amend its complaint to the extent it can allege additional facts or circumstances identifying particularized harm it has suffered.

### IV.  CONCLUSION

For the foregoing reasons, the Court finds that Webster may have standing to pursue a claim for equitable subordination to the extent that it seeks relief for a particularized injury.  Webster, however, has thus far failed to allege facts supporting a particularized harm it has suffered, distinct from that alleged by the Trustee on behalf of all creditors.  Accordingly, the Court will deny the Motion.

An appropriate order follows.

By the Court,


Dated: August 7, 2008

Brendan Linehan Shannon
United States Bankruptcy Judge

11